IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA
    *Plaintiff*,

    v.                               Criminal No.:  ELH-14-00595

MICHAEL L. FISCHER,
    *Defendant.*

**MEMORANDUM**

Defendant Michael Fischer began a twenty-year term of supervised release on January 9, 2023 (ECF 125, ECF 128), in connection with his conviction for travel with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. §2423(b).  *See* ECF 59, ECF 75.  He has filed a "Motion For Early Termination Of Supervised Release," docketed on May 6, 2026. ECF 135 (the "Motion").  Defendant submitted exhibits with his Motion, including a letter from his treatment provider (ECF 135-1) and a "Positive Decision Report" from the federal Bureau of Prisons (ECF 135-2).  In addition, Mr. Fischer seeks the appointment of counsel.  ECF 136 ("Counsel Motion").

The United States Probation Office ("U.S.P.O.") opposes the defendant's Motion.  ECF 141.  It notes that the defendant has served less than one fourth of the total term of supervision. *Id.* at 2.  Moreover, the U.S.P.O. points out, *inter alia*, that it filed one technical violation report on February 16, 2023.  *Id.*  And, the U.S.P.O. states, *id.* at 3:  "Mr. Fischer does not meet the requirements for early termination under the District of Maryland Guidelines.  Therefore, our office would be opposed to early termination."

The government also opposes early termination.  ECF 139.  Mr. Fischer filed a reply.  ECF 140.  It is supported by several additional exhibits.

No hearing is necessary to resolve the motions. For the reasons that follow, I shall deny the Counsel Motion as well as the Motion, without prejudice to defendant's right to renew the Motion at a later time.

## I.

Defendant was indicted on December 18, 2014 (ECF 1). He was charged with transportation of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). He was detained as of December 19, 2014. ECF 10; *see also* ECF 65 (Presentence Report or "PSR"), at 1.

Subsequently, an Information was filed, charging defendant with travel with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). ECF 57. Thereafter, on July 21, 2016, defendant entered a plea of guilty to the Information. ECF 59. The plea was tendered pursuant to a Plea Agreement. ECF 61. Under Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to recommend a sentence to the Court calling for a term of imprisonment ranging from 84 months to 151 months, followed by between 10 and 20 years of supervised release. *Id.* ¶ 19 ("C Plea"). In the Plea Agreement, the defendant waived his rights to appeal his conviction as well as his sentence. *Id.* ¶ 20.

The Plea Agreement contained a stipulation of facts. ECF 61 at 9-10. According to the stipulation, the defendant, who was then 42 years old, met the victim "online" in the summer of 2014. *Id.* at 9. The victim told the defendant at the outset that she was 15 years of age. *Id.*

On two occasions in August and early September 2014, Fischer travelled from Ohio, where he resided, to Maryland and engaged in sexual acts and unprotected vaginal intercourse with the victim. *Id.*

The victim was hospitalized in Maryland in September 2014, due to "serious" mental health issues.  *Id.*  While she was hospitalized, the defendant and his wife attempted to visit the victim, although the wife was unaware of the defendant's sexual relationship with the victim.  *Id.*[1] Then, on September 19, 2014, the defendant and his wife drove from Ohio to Maryland.  *Id.* at 10. And, on September 20, 2014, they transported the victim back to their home in Ohio.  *Id.*  While the victim was in the defendant's home, he engaged in sexual intercourse with her.  His wife did not know that defendant had been engaging in such conduct with the victim.  *Id.*

When law enforcement met with the defendant on September 24, 2014, the defendant lied, claiming he did not know where the victim was located.  *Id.*  The defendant subsequently drove the victim to his relative's house in Michigan.  *Id.*  That is where the victim was found on September 26, 2014.  *See also* ECF 139 at 1-2.

Sentencing was held on April 18, 2017.  ECF 75.  At sentencing, defendant was 44 years of age.  ECF 65 at 2.  He has a Bachelor of Science degree in Business Administration.  *Id.* ¶ 79. According to the PSR, defendant also claimed to have earned a Master of Arts in Psychology from the University of Phoenix, which was not verified.  *Id.* ¶ 80.

Defendant is the father of one adult child.  *Id.* ¶ 57.  Moreover, he has been married four times.  *Id.* ¶¶ 58, 59, 60; ECF 140-1 at 9 (character letter from defendant's husband).  In addition, the defendant has a long history of physical and mental health issues.  ECF 65, ¶¶ 67-73.

The Court determined that defendant had a final offense level of 34 and a criminal history category of I.  ECF 77.[2]  Defendant's advisory sentencing guideline range ("U.S.S.G." or

---

[1] According to the PSR, the wife claimed that the victim's father was a childhood friend of the defendant.  ECF 65, ¶ 64.

[2] The PSR assigned a criminal history category of III.  ECF 65, ¶¶ 48, 49.  However, defendant's criminal history category was disputed, primarily based on the age of his prior

"Guidelines") called for a period of incarceration ranging from 151 to 188 months. *Id.*[3]  And, his supervised release range was five years to life. *Id.*

The Court sentenced the defendant to a term of imprisonment of 120 months. ECF 76 ("Judgment"). In addition, the Court imposed a term of supervised release of 20 years. *Id.*

Defendant filed a Notice of Appeal to the Fourth Circuit, despite his waiver of appellate rights in his Plea Agreement. ECF 78. On September 28, 2017, the Fourth Circuit affirmed in part and dismissed in part. ECF 88. Upon review of the Plea Agreement and the transcript of the Rule 11 hearing, the Fourth Circuit concluded that "Fischer knowingly and voluntarily waived his right to appeal and that the issues he seeks to raise fall within the scope of the [appellate] waiver." *Id.* at 4. Moreover, it found no "potentially meritorious issues that might fall outside the scope of the [appellate] waiver . . . ." *Id.*

On May 8, 2020, Fischer, through counsel, filed a Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 93. By Memorandum Opinion and Order of May 27, 2020, I denied the Motion. ECF 100, ECF 101.

Thereafter, defendant moved for reconsideration as to the denial of compassionate release. *See* ECF 102; *see also* ECF 103, ECF 104, ECF 106, ECF 107. I denied that motion by Order of January 8, 2021. ECF 108.

Defendant subsequently moved to compel the Bureau of Prisons to calculate time credits earned under the First Step Act. ECF 118, ECF 120. He also moved for the appointment of

---

offenses. I ruled in favor of defendant, and I did not assign any points for the disputed matters. ECF 77; ECF 85 (sentencing transcript), at 20.

[3] With an offense level of 34 and a criminal history category of III, the Guidelines would have been 188 to 235 months.

counsel. ECF 119, ECF 121. On several occasions, the Court has appointed counsel for the defendant. *See* ECF 126, ECF 133.

As noted, defendant entered supervised release on January 9, 2023. ECF 125, ECF 128.

**II.**

In his Motion, defendant notes that he was incarcerated for approximately eight years for his offense and had "zero disciplinary infractions . . . ." ECF 135 at 2. Moreover, he asserts that he has "maintained 100% compliance with all conditions" of supervised release. *Id.* According to defendant, his "conduct demonstrates that he is capable of living lawfully and responsibly without the need for continued supervision." *Id.*

In addition, defendant points out that he has completed sex offender treatment, "has used his time on supervision productively" (*id.* at 3), and has "[a] perfect supervision record." *Id.* at 4; *see also* ECF 140 at 3-4. He adds that he has complied with sex offender registration requirements, ECF 140 at 3, and is pursuing training as a Peer Recovery Resource Specialist. *Id.* at 9.

Fischer argues: "Continued supervision is no longer necessary to serve the goals of sentencing, and early termination would allow the Defendant to move forward as a fully reintegrated and productive member of society." ECF 135 at 4.

Defendant included as an exhibit to his Motion a letter from his treatment provider, Charles J. Walsh, of Anne Arundel Counseling. Walsh asserts, in part, ECF 135-1 at 1: "This writer has been providing treatment services for over thirty years and can say without hesitation that this man [*i.e.*, defendant] is an example of how rehabilitation works. He is recommended without qualification."

The U.S.P.O. notes that the defendant has a criminal history that includes several revocations of supervision. ECF 141 at 2; *see* ECF 65, ¶¶ 37, 38, 39, 40, 41, 42, 43, 45. At

sentencing, no points were awarded for any of defendant's prior offenses, due to the ages of the offenses. *See* ECF 85 (Sentencing Tr.) at 20. U.S.P.O. also points out that the "offense included Mr. Fischer falsifying documents in an effort to maintain communication with the victim." ECF 141 at 2.

Further, U.S.P.O. indicates that one technical violation was reported to the Court on February 16, 2023, because defendant "was found to have been sending sexually explicit letters to incarcerated individuals." *Id.* But, the Court was not asked to determine whether the conduct constituted a violation of supervised release. As defendant correctly observes (ECF 140 at 7), there is no "judicial finding that he violated the conditions of supervised release."

In its opposition, the government asserts: "The defendant has not articulated a sufficient basis to warrant early termination here." ECF 139 at 3. Although the government acknowledges that defendant has been compliant with the terms of his supervised release, the government points out that defendant has only served a small portion of the court ordered supervision term. *Id.* And, it posits that compliance is not a reason to terminate supervision. *Id.*

In his reply, defendant reiterates that he has demonstrated "substantial rehabilitation, successful reintegration into the community, and meaningful progress towards the objectives that supervised release was intended to accomplish." ECF 140 at 1, 3.

### III.

Defendant seeks the appointment of counsel. ECF 136. I shall deny the Counsel Motion.

Fischer has no constitutional or statutory right to counsel in regard to his Motion. Moreover, defendant is quite articulate and capable of setting forth his contentions. Indeed, he has presented impressive, well written, well reasoned, and cogent arguments to support his Motion.

He has even gathered and presented an array of documents to support his request.  It is not necessary to provide a lawyer to present defendant's arguments.

**IV.**

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'"  *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)).  "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'"  *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted).  Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration.  *Id.* (emphasis in *Lewis*).

Punishment is not "an appropriate reason" to impose supervised release.  *Lewis*, 90 F.4th at 294.  Rather, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration."  *Johnson*, 529 U.S. at 59.  In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct.  *Lewis*, 90 F.4th at 295.

The Motion implicates 18 U.S.C. § 3583(e)(1).  It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and in the interest of justice.  It states:

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

In sum, under 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

In assessing whether a defendant has met that burden, a court must consider:

(1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

(3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);

(4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

Effective November 1, 2025, the Guidelines were amended as to the imposition, modification, termination, and revocation of supervised release. Of relevance here, the Amendment created a new section, § 5D1.4. Section 5D1.4(b) provides:

(b) EARLY TERMINATION.—Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. § 3583(e)(1).

8

The Commentary includes factors that a court may want to consider in determining whether early termination is appropriate:

(B)    **Early Termination.**—When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:

(i)    any history of court-reported violations over the term of supervision;

(ii)    the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii)    the defendant's substantial compliance with all conditions of supervision;

(iv)    the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v)    a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi)    whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, defendant committed a very serious offense. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contains a Stipulation of Facts that sets forth the gravity of the crime. ECF 61.

To be sure, defendant appears to be doing very well on supervised release. I applaud his progress. But, supervision undoubtedly has helped guide defendant to the right path and to remain there.

In any event, conduct consistent with compliance is consistent with the expectations and conditions of supervised release. *See, e.g.*, *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D. N.Y. 2015) (recognizing that "'full compliance with the terms of supervised release is what is

9

expected of the defendant and does not warrant early termination'") (citation omitted); *Folks v. United States*, 733 F. Supp. 2d 649, 651-52 (M.D. N.C. 2010) (recognizing that although compliance with supervised release conditions is "commendable," it is "what is required . . . and is not a basis for early termination of [defendant's] supervised release"); *United States v. Guillatt*, 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If mere compliance with the terms of the court's supervision were sufficient to merit early termination, "the exception would swallow the rule." *Id.*; *see also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

The Court's primary focus here concerns 18 U.S.C. § 3553(a)(1). The offense is a very serious one. As I see it, public safety weighs heavily, along with the factor of deterrence.

Under the terms of the C Plea, the Court could have imposed a far lengthier term of imprisonment, up to 151 months. I did not do so, opting instead for a period of supervised release at the top end of the C Plea range, to which defendant had agreed.

Moreover, defendant has served only a small fraction of his term of supervised release. The Court believes that supervision is crucial to assist defendant in maintaining his status as a law-abiding, productive member of the community. Nor is supervised release unduly burdensome, particularly when I consider the gravity of the crime.

In sum, the nature and circumstances of the offense, the need to assure the safety of the public, and the need to deter any future misconduct by defendant, lead me to conclude that early termination of supervision is not appropriate at this time.

Therefore, I shall deny the Motion.  An Order follows.


Date:   July 17, 2026

_____/s/_____
Ellen L. Hollander
United States District Judge